IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

EMMANUEL ELDER                              : CASE NO. 1:13 CV 1928
                                            :
                    Petitioner              :
                                            : **MEMORANDUM OF OPINION**
          -vs-                              : **AND ORDER**
                                            :
                                            :
WILLOUGHBY HILLS POLICE DEPT.,              :
                                            :
                    Respondent.             :

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Emmanuel Elder filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is incarcerated in the Richland Correctional Institution, serving a sentence of 30 months for failure to comply with an order or signal of a police officer, failure to illuminate the rear license plate, obstructing official business, failure to display two lights, and failure to pay the required application and tax payments. The Petitioner challenges his conviction and sentence on the ground that Willoughby Hills Police Officer James Ours did not appear in court pursuant to a subpoena issued by Petitioner. He claims Officer Ours violated his Fourth

Amendment "right of probable cause," his Sixth Amendment right to a full, fair and impartial preliminary hearing, his Fourteenth Amendment right to due process and equal protection, and his right to a speedy trial pursuant to Ohio Revised Code § 2945.71. He asks this Court to find Officer Ours in contempt of court pursuant to Ohio Revised Code § 2705.02(c), and Ohio Criminal Procedure Rule 17(G), and prosecute him for obstructing official business. He also seeks release from custody and dismissal of all charges against him. For the reasons explained below, Petitioner has not fully exhausted his state court remedies. The Court will accordingly deny the Writ and dismiss this action without prejudice.

### I. Background

On March 7, 2013, at or around 7:20 p.m., Petitioner was driving his minivan westbound on interstate route 90 ("I-90") near the vicinity of Willoughby Hills, Ohio. *See Elder v. State of Ohio*, No. 1:13 CV 1348, 2013 WL 3864822 (N.D. Ohio July 24, 2013)(Pearson, J.). A Willoughby Hills Police Officer was stationed at the highway crossover monitoring westbound traffic traveling on I-90. *Id.* The officer observed Petitioner's van approaching with a single headlight illuminated and no light above the license plate. *Id.* The officer pulled into traffic and began following Petitioner's minivan. *Id.* While trailing Petitioner, the officer checked the status of the van's registration with the police dispatcher. *Id.* The officer learned that the registration had expired in December 2012 and that the Ashtabula Police Department had issued an active warrant against the vehicle's owner for larceny. *Id.*

2

Petitioner's van moved to the far left southbound lane on interstate route 271 ("I-271"), when the officer approached from the center lane and initiated a traffic stop at White Road. *Id.* The officer walked toward the passenger side of Petitioner's van and advised him to turn off the vehicle. *Id.* Petitioner obeyed. *Id.* The officer then explained the reason for the stop and asked to see Petitioner's driver's license. *Id.* As Petitioner was producing his license, a second Willoughby Hills officer arrived at the scene. *Id.* The first officer then notified Petitioner of the outstanding warrant issued against him and asked him to exit his vehicle. *Id.* Instead of exiting, Petitioner sped away. *Id.* The officer pursued Petitioner on I–271, allegedly at speeds in excess of 80 mph, until his sergeant directed him to terminate the pursuit. *Id.*

## II. Procedural History

On March 8, 2013, a criminal complaint and summons was filed in the Willoughby Municipal Court, charging Petitioner with violating Ohio Revised Code § 2921.331, failure to comply with order or signal of police officer. *Id.*; *see Ohio v. Elder*, No. 13CRA00702 (Willoughby Mun. Ct. filed Mar. 8, 2013). A warrant for Petitioner's arrest was also issued on that date. *Id.*

Petitioner was arrested on March 31, 2013 and held at Cuyahoga County Jail in Cleveland, Ohio. *Id.* Four days later, Cleveland Municipal Court Judge Adrine allegedly advised him that the Willoughby Hills Police Department placed a hold on him. *Id.* Petitioner was taken into the custody of the Willoughby Hills Police Department and arraigned on June 4, 2013. *Id.* A preliminary hearing was held on June 12, 2013 in Willoughby Municipal Court before Magistrate Judge Almis Stempuzis. *Id.* Eight days

3

after the preliminary hearing, Petitioner was charged with failure to comply with an order or signal of a police officer, failure to illuminate the rear license plate, obstructing official business, failure to display two lights, and failure to pay the application and tax payment.

Petitioner claims he served a subpoena duces tecum on Willoughby Hills Police Officer James Ours prior to the preliminary hearing. He asked the officer to produce:

1. The Ohio traffic ticket used to obtain the arrest warrant from Willoughby Hills Municipal Court;

2. Documentation of the Ashtabula city limit;

3. The names of the people or property to which he caused a substantial risk of serious physical harm;

4. Evidence that he owned a silver minivan;

5. The Willoughby Hills police pursuit policy;

6. Proof of the Willoughby Hills territorial jurisdiction;

7. An explanation of why the state issued a detainer rather than immediately trying him when he was in Cuyahoga County jail; and

8. Proof that the Court sent a record to the BMV

Petitioner claims that Officer Ours did not respond to the subpoena. He filed a Petition for a Writ finding Officer Ours in contempt of court on August 15, 2013. (ECF No. 3 at 25). The court, however, found that Officer Ours handed the information that was in his possession to Petitioner in his holding cell in the Willoughby Municipal Court in the presence of the Clerk of Court prior to the hearing. (ECF No. 3 at 25). The court further indicated that Officer Ours was the transporting officer on the day of the preliminary hearing and was present in the courtroom during the hearing. (ECF No. 3

4

at 25). The petition was denied. (ECF No. 3 at 26). Petitioner disagrees with this ruling, claiming there is no proof that Officer Ours was in the courtroom and no return of subpoena was listed on the docket.

Petitioner chose to represent himself at the jury trial conducted on September 18, 2013. The jury returned a guilty verdict later that day. He was sentenced on September 24, 2013 to thirty months in prison. He filed a Motion for a New Trial and to Arrest Judgment. He also filed a Notice of Appeal. The trial court stayed the Motion for a New Trial pending the outcome of the appeal. Petitioner then voluntarily withdrew his appeal on October 28, 2013. The trial court denied the Motion to Arrest Judgment and Motion for a New Trial on November 14, 2013 and December 5, 2013, respectively.

Thereafter, Petitioner filed three Notices of Appeal, one on December 18, 2013, and two on January 2, 2014. All of these appeals are still pending in the Ohio Eleventh District Court of Appeals.

### III. Habeas Petition

Petitioner filed the within Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 3, 2013. He filed an Amended Petition on October 23, 2013. He does not identify specific grounds he seeks to raise in his Petition, which he sets out as a narrative. He contends Officer Ours violated his Fourth Amendment "right of probable cause," his Sixth Amendment right to a full, fair and impartial preliminary hearing, his Fourteenth Amendment right to due process and equal protection, and his right to a speedy trial pursuant to Ohio Revised Code § 2945.71. He asks this Court to

5

find Officer Ours in contempt of court pursuant to Ohio Revised Code § 2705.02(c), and Ohio Criminal Procedure Rule 17(G), and prosecute him for obstructing official business. He also seeks release from custody and dismissal of all charges against him.

### IV. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### V. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the

petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional

8

issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

To determine if a claim is procedurally defaulted the Court must determine: (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135,

9

138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. See *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. See *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., procedurally defaulted), are generally not cognizable on federal habeas review.

## VI. Analysis

Petitioner has not exhausted his state court remedies prior to filing this Habeas Petition. He has three appeals pending before the Eleventh District Court of Appeals. While Petitioner does not indicate the grounds he raised in these appeals, it is apparent that he has not fairly presented the claims he asserts in this petition to the highest court in the state.

As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest

10

court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claim," because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005)(citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 260–62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir.1985); *see also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir.1989).

Petitioner is still pursuing his direct appeals of his conviction. Although far from a guaranteed remedy, this Court cannot conclude that return to state court to finish this process would be futile. His Petition for a Writ of Habeas Corpus under 28 U.S.C.

11

§2254 must be dismissed without prejudice to allow Petitioner to return to state court to comply with the exhaustion requirement.

To the extent Petitioner is requesting that this Court hold Officer Ours in contempt of court and prosecute him for obstruction of justice, however, relief cannot be granted. Whether Officer Ours is in contempt of court under Ohio Criminal Rule 17(G) is a question of Ohio law. Petitioner filed a Motion in the Court of Common Pleas seeking an order of contempt against Officer Ours under Ohio Criminal Rule 17(G), and the Court denied the Motion. A federal habeas court sitting in review of a state court judgment should not second guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."). See also *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). A claim based solely on an error of state law is not redressable through the federal habeas process. *Greer*, 264 F.3d at 675.

Similarly, the Court cannot prosecute Officer Ours for obstruction of justice. Criminal actions in the federal courts for violations of federal law are initiated by the United States Attorney. 28 U.S.C. § 547; FED. R. CRIM. P. 7(c). This court is simply unable to initiate criminal proceedings through a habeas action.

## VI. Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: February 26 2014